UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIONA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MIN HAO WU,<br><br>        Defendant. | Case No.  24-cv-06015-SVK<br><br>**ORDER GRANTING MOTION<br>TO PROCEED WITH PSEUDONYMS**<br><br>Re: Dkt. No. 6 |

Plaintiffs commenced this action under pseudonyms and now move for leave to continue to proceed under those pseudonyms. *See* Dkt. 6 (the "Motion"). For the reasons that follow, the Court **GRANTS** the Motion.

I.     **BACKGROUND**

As alleged in the complaint, Defendant has pled guilty to federal charges of illegal possession of child pornography. *See* Dkt. 1 ¶¶ 58-59. Plaintiffs—adults and minor children represented by their parents and legal guardians—have confirmed that "images of each of them as children engaged in sexual conduct are included among those images seized by law enforcement from Defendant." *See id.* ¶ 64; *see also id.* ¶¶ 3-53, 61-63. Unfortunately, Defendant's guilty plea and law enforcement's seizure of these images does not end the matter, as "images of . . . Plaintiffs are still traded on the Internet." *See* Motion at 2. Because of the sexual abuse they experienced and such continued circulation of images of the abuse,

> Plaintiffs have suffered greatly . . . . They suffer psychologically in a number of different manners; each is hyper-vigilant, suffers a rational paranoia, fear, and anxiety, and has had varying bouts of severe depression and anger, to name a few. . . . The minors would be endangered by the revelation of the identities of the next friends, conservators, and guardian ad litem.

1  *Id.* at 7-8; *see also id.* at 2-7 (describing Plaintiffs' individual experiences).  Accordingly,

2  Plaintiffs commenced this action under pseudonyms and request leave to continue to do so "to

3  protect themselves from harassment, injury, ridicule, and personal embarrassment."  *See id.* at 2.

## II.   LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).  However, parties may "proceed anonymously when special circumstances justify secrecy."  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted).  Specifically, parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *See id.* at 1067-68 (citations omitted).  Where such special circumstances exist, "a party may preserve his or her anonymity . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *See id.* at 1068.  Beyond these special circumstances and their accompanying balancing test, "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only:  . . . the minor's initials."  Fed. R. Civ. P. 5.2(a).

## III.  DISCUSSION

Permitting Plaintiffs to proceed anonymously is appropriate in this case.

**Special Circumstances Exist.**  The Ninth Circuit has recognized the harm inflicted by pornographic images of children:

> Courts have identified several ways in which the individuals depicted in images of child pornography are harmed by the circulation and viewing of those images.  These injuries include "the emotional and psychic" pain of knowing that the images are being viewed, as well as the repeated violations of the individual's privacy interests[.]  In the sentencing context, we have likewise held that the minors depicted in child pornography should be considered the "victims" of a defendant who possesses or trades in images of their abuse.

*United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir. 2011) (citations omitted).  Further, "the

2

materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *New York v. Ferber*, 458 U.S. 747, 759 (1982) (footnote omitted).  Preserving Plaintiffs' anonymity "is [therefore] necessary . . . to protect [Plaintiffs] from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1068 (citations omitted).  Thus, the required special circumstances exist.

**Plaintiffs' Need For Anonymity Is Great.**  Courts routinely recognize parties' interests in preserving their anonymity in the context of child pornography and sexual abuse.  *See, e.g.*, *Lily v. Little*, No. 23-cv-02283-LL, 2023 WL 9007204, at *2 (S.D. Cal. Dec. 28, 2023); *Doe v. Pasadena Hosp. Ass'n*, No. 18-cv-09648-DDP, 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018); *Marble ex rel. N.S. v. Rockett*, No. 16-cv-02171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017).

**Defendant Will Suffer No Prejudice.**  Plaintiffs bring a single claim for liquidated damages under 18 U.S.C. Section 2255(a).  *See* Dkt. 1 ¶¶ 65-70.  "Defendant is [therefore] not prejudiced by Plaintiff[s'] anonymity, since the only two issues to be decided in a liquidated damages action under 18 U.S.C. § 2255(a) are victimhood and damages, and the publication of Plaintiff[s'] legal name[s] has no bearing on those issues." *Little*, 2023 WL 9007204, at *2 (citation omitted).

**The Public Interest In Disclosure Of Plaintiffs' Identities Is Minimal.**  As noted above, it does not appear that resolution of the issues in this action will implicate Plaintiffs' identifies. Thus, the public interest does not weigh in favor of requiring disclosure of Plaintiffs' identities. *See, e.g.*, *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023); *Doe v. Cnty. of El Dorado*, No. 13-cv-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec. 2, 2013).  To the contrary, "allowing victims of child pornography to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes and seeking civil remedies." *Doe ex rel. Jessy v. Dinkfield*, No. 19-cv-01554-ODW, 2019 WL 4233579, at *2 (C.D. Cal. June 5, 2019) (citations omitted).

**Some Plaintiffs Are Minors.**  As discussed above (*see* Section II, *supra*), parties and non-parties <u>must</u> refer to minors using their initials, unless the Court orders otherwise.  *See, e.g.*, *Dangaard v. Instagram, LLC*, No. 22-cv-01101-WHA, 2022 WL 17342198, at *8 (N.D. Cal. Nov.

30, 2022).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. Plaintiffs may continue to identify themselves in this action using pseudonyms, all filings on the docket may reference Plaintiffs using only their pseudonyms and no party may publicly disclose Plaintiffs' identities. Because no party other than Plaintiffs has yet appeared in this action, issuance of this Order does not prejudice the right of any later-appearing party to move to reveal Plaintiffs' identities. *See, e.g.*, *Doe v. Risch*, No. 18-cv-04583-SBA, Dkt. 14 at 2 (N.D. Cal. Aug. 13, 2018).

**SO ORDERED.**

Dated: September 4, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

30, 2022).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. Plaintiffs may continue to identify themselves in this action using pseudonyms, all filings on the docket may reference Plaintiffs using only their pseudonyms and no party may publicly disclose Plaintiffs' identities. Because no party other than Plaintiffs has yet appeared in this action, issuance of this Order does not prejudice the right of any later-appearing party to move to reveal Plaintiffs' identities. *See, e.g.*, *Doe v. Risch*, No. 18-cv-04583-SBA, Dkt. 14 at 2 (N.D. Cal. Aug. 13, 2018).

**SO ORDERED.**

Dated: September 4, 2024

SUSAN VAN KEULEN
United States Magistrate Judge